MEMORANDUM **
Petitioner Julio Cesar Ramos-Oseguera appeals the district court’s denial of his motion to vacate, set aside, or correct a judgment and sentence under 28 U.S.C. § 2255. The parties are familiar with the facts and procedural history of this case and we do not repeat them here. Ramos-Oseguera argues that the admission of his wife’s prior testimonial statements violated his Sixth Amendment Confrontation Clause rights under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). For the reasons set forth below, we affirm.
For habeas claims based on new constitutional rules of criminal procedure that are announced after the conclusion of a petitioner’s direct appeal, a federal court can only grant relief under 28 U.S.C. § 2255 if the new rule applies retroactively under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). See United States v. Sanchez-Cervantes, 282 F.3d 664, 667-68 (9th Cir.2002) (holding that the Teague analysis applies to petitions under 28 U.S.C. § 2255). Ramos-Oseguera relies on the new rule enumerated in Crawford — which was decided after the conclusion of his direct appeal — as the legal basis for his current petition.
However, in Whortou v. Bockting, 549 U.S. 406, 127 S.Ct. 1173, 167 L.Ed.2d 1, (2007), the Supreme Court held that Crawford “does not fall within the Teague exception for watershed rules,” and therefore does not apply retroactively. Id. at 1184. Because Crawford does not have a retroactive effect, Ramos-Oseguera cannot take advantage of the Craivford rule for purposes of this federal habeas petition, and he has no legal basis supporting his claims of a constitutional violation.
Accordingly, we AFFIRM the district court’s judgment.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.